UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRIDENT SEAFOODS CORPORATION, a Washington Corporation, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN E. BRYSON, et al.,<br><br>Defendants. | C12-134 MJP<br><br>ORDER ON UNITED CATCHER BOATS' MOTION TO INTERVENE AND ALASKA WHITEFISH TRAWLERS ASSOCIATION'S MOTION TO INTERVENE |

This matter comes before the Court on United Catcher Boats's ("UCB") motion to intervene and Alaska Whitefish Trawlers Association's ("AWTA") motion to intervene. (Dkt. Nos. 24 and 28.) Having reviewed the motions, Plaintiffs responses (Dkt. Nos. 35 and 37), the replies (Dkt. Nos. 36 and 39), and all related papers, the Court GRANTS in part and DENIES in part UCB and AWTA's motions.  The Court grants the UCB and AWTA motions to intervene, but limits intervention to the remedy phase only.

\\

ORDER ON UNITED CATCHER BOATS'
MOTION TO INTERVENE AND ALASKA
WHITEFISH TRAWLERS ASSOCIATION'S
MOTION TO INTERVENE- 1

**Background**

This is a dispute over the management and regulation of rockfish fisheries off the Alaskan coast. Three entities are involved in Alaska's rockfish fisheries: (1) processors who process rockfish on-shore (the "Processors"), (2) catcher vessels that catch and deliver fish to Processors for processing (the "Catchers"), and (3) catcher-processor vessels that catch fish and process them on-board while at sea (the "Catcher-Processors"). In order to manage the different entities, Defendant National Marine Fisheries Service ("NMFS") creates management plans to regulate the catching and conservation of rockfish.

Plaintiffs are four Processors that own rockfish processing facilities located in Kodiak, Alaska. The Plaintiff-Processors are suing Defendants NMFS, National Oceanic and Atmospheric Administration, and John E. Bryson as Secretary of Commerce. They are challenging the Defendants' promulgation of Amendment 88, the rockfish management plan for the Gulf of Alaska. Defendants implemented Amendment 88 to replace the earlier management plan, the Central Gulf of Alaska Rockfish Pilot Program (the "Pilot Program"), which had been established in 2006.

Amendment 88 made two changes to the rockfish management plan. First, Amendment 88 changes the manner in which Catchers and Catcher-Processors' quota shares are calculated. (Dkt. No. 14 at ¶ 38.) Second, Amendment 88 removed the requirement that Catchers deliver their fish to a specific Processor. As such, Processors must bid for rockfish deliveries because Catchers can deliver their harvest to any Processor. (Id.) Plaintiffs argue Amendment 88 creates a surplus of processing capacity relative to catching capacity because any one of the Processors in Kodiak has the physical capacity to process more than all of the available rockfish in the fishery. (Id. at ¶ 38.) In contrast, the earlier Pilot Program required Catchers to contract with

Processors in order to receive an individual catching quota. (Id. at ¶ 32.) Specifically, the Pilot Program created cooperatives between Catchers and Processors, in which the Catchers and Processors shared the rents generated from the rockfish fishery (i.e., the difference between total revenues from the fishery and the total cost of the fishery). (Id. at ¶ 11-14, 32.)

The North Pacific Fishery Management Council ("Council") chose to replace the Pilot Program, which expired on December 31, 2011, with Amendment 88, after receiving an opinion by the General Counsel for Defendant National Oceanic Atmospheric Administration ("NOAA"). (Dkt. No. 14 at ¶ 35.) Defendant NOAA is an agency of the United States Department of Commerce with supervisory responsibility over the Fisheries Service. (Id. at ¶ 16.) The General Counsel's opinion advised that any new rockfish management program would need to be developed under the general authority of the Magnuson-Stevens Fishery Conservation and Management Act ("Magnuson-Stevens Act"). (Id. at ¶ 36.) Further, the General Counsel advised that (1) the Magnuson-Stevens Act precluded a fishery management plan from limiting the number of processing sites unless justified by a conservation and management objective, and (2) the terms "fishing" and "fishery" in the Magnuson-Stevens Act did not include Processors. (Id.) Based on this advice, the Council did not consider or analyze whether extension of the Pilot Program was feasible. (Id.)

The Processors contend Amendment 88 and the rule implementing the regulation violate the Magnuson-Stevens Act, the National Environmental Policy Act ("NEPA"), and the Administrative Procedure Act ("APA"). (Compl., Dkt. No. 14 at ¶¶ 1-3.) The Processors claim Defendants erred in (1) not including on-shore processing as a definition under the terms "fishing" and "fishery," and (2) failing to authorize Pilot Program's continuation. (Id. at ¶¶ 49-50.) Additionally, the Processors claim Defendants should have considered reasonable

ORDER ON UNITED CATCHER BOATS'
MOTION TO INTERVENE AND ALASKA
WHITEFISH TRAWLERS ASSOCIATION'S
MOTION TO INTERVENE- 3

alternatives to Amendment 88, including the Pilot Program, prepared an environmental impact statement, and considered the effects of all reasonable alternatives on the natural environment and the attendant socio-economic effects. (Id. at ¶¶ 56-59.) The Processors allege Defendants' actions harm them by allocating 100% of the rents to vessel owners instead of allowing the Processors a share in those rents. (Id. at ¶ 4.) The Processors ask the Court to "vacate the Final Rule implementing Amendment 88" and to reinstate the Pilot Program pending reconsideration by the Council and approval by Defendants of a new rule. (Id. at ¶¶ (c)-(e).)

In March, the Catcher-Professors sought to intervene because Plaintiffs' complaint challenged the Amendment 88 management plan. The Court granted the Catcher-Processors' motion to intervene at the remedy stage only, recognizing that a remedy in this action would impact the Catcher-Processors' quota share of the rockfish harvest. (Dkt. No. 138.) Now, two more organizations, UCB and AWTA, seek to intervene on similar grounds on behalf of the Catchers, i.e. the entities that catch rockfish offshore along the Alaskan coast and bring them on-shore for processing. Both UCB and AWTA, like the Catcher-Processors, allege that the litigation challenges their rockfish market share under Amendment 88.

UCB is a membership organization comprised of Catchers as well as Processors, including Plaintiff Trident Seafoods Corporation; however, UCB seeks to intervene on behalf of its catcher boat members only. UCB's catcher boat members own 9 of the 46 licenses eligible to participate in the Amendment 88 program. (Paine Decl., Dkt. No. 24-2, ¶ 7.) With one exception, UCB concedes Defendants will adequately represent their interests at the merit stage and seek only to intervene at the remedy stage. UCB argues intervention on the merits is warranted only to the extent Plaintiffs' suggest Amendment 88 will have a dramatic effect on the relationship between Catchers and Processors.

ORDER ON UNITED CATCHER BOATS'
MOTION TO INTERVENE AND ALASKA
WHITEFISH TRAWLERS ASSOCIATION'S
MOTION TO INTERVENE- 4

AWTA is an association of catcher <u>vessels</u> that seeks to intervene at both the merit and remedy stages. Under Amendment 88, AWTA member-vessels hold 64 percent of the overall Catcher quota in the rockfish fishery. (Krueger Decl., Dkt. No. 30 at 5.) AWTA argues intervention on the merits is necessary because Plaintiffs claims will affect AWTA members' legally protected interests in fishing in the rockfish fishery, competing for quota share against Catchers and Catcher-Professors, and delivering catch to any Processor of their choosing.

**Analysis**

I. <u>Motion to Intervene as a Matter of Right</u>

When analyzing a motion to intervene as a matter of right under Federal Rule 24(a)(2), a court applies a four-part test: (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. <u>Wilderness Soc. v. U.S. Forest Serv.</u>, 630 F.3d 1173, 1177 (9th Cir. 2011). In evaluating whether Rule 24(a)(2)'s requirements are met, courts normally follow "practical and equitable considerations" and construe the Rule "broadly in favor of proposed interveners." <u>Id.</u> at 1179. Here, the Processors challenge the Catchers' intervention of right on all grounds except timeliness. (Dkt. No. 22 at 2.)

    a. <u>Significantly Protectable Interest</u>

Federal Rule 24(a) requires that an applicant for intervention possess an interest relating to the property or transaction that is the subject matter of the litigation. Fed. R. Civ. P. 24(a). An applicant for intervention must show its interest is protectable under some law, and there is a relationship between the legally protected interest and the claims at issue in the case. Wilderness

Soc., 630 F.3d at 1179. The Ninth Circuit does not require an applicant to show a specific legal or equitable interest. Id. Rather, courts view the "interest" test as a practical guide to disposing of lawsuits by involving as many concerned persons as is compatible with efficiency and due process. Id. A prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." Id. at 1181. An intervening party's interest in the remedy a plaintiff seeks can be sufficient to establish a protectable interest in the litigation. U.S. v. City of Los Angeles, Cal., 288 F.3d 391, 399-400 (9th Cir. 2002). An intervention of right under Rule 24(a) may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of proceedings. Fed. R. Civ. P. 24 hist. n. (1966).

Here, UCB and AWTA possess a significantly protectable interest in the remedy, but do not possess a significantly protectable interest at the merit stage. Plaintiff-Processors' are challenging the legal status of Processors under the Magnuson-Stevens Act. (Dkt. No. 22 at 4 n.1.); 16 U.S.C. § 1801. The Catchers' legal status, however, is not at issue.  While the Catchers argue they have an interest in maintaining their harvest quota or market position under Amendment 88, this business interest is unrelated to the Processors' legal claim.  At the merit stage, Plaintiffs challenges Defendants' failure to consider Processors in enacting Amendment 88.  Plaintiffs are not challenging Amendment 88 itself.  Since UCB and AWTA's interests lie in maintaining their market share and their market share is only at stake if Plaintiffs prevail on the legal claims, the Court finds UCB and AWTA lack a significantly protectable interest at the merit stage.

To the extent UCB argues intervention on the merits is necessary because Plaintiffs' allegations allude to the impact of Amendment 88, the Court finds UCB's arguments unavailing.

ORDER ON UNITED CATCHER BOATS'
MOTION TO INTERVENE AND ALASKA
WHITEFISH TRAWLERS ASSOCIATION'S
MOTION TO INTERVENE- 6

In the Complaint, Plaintiffs allege Amendment 88 negatively impacts the Processors' business by allocating 100% of the rents to vessel owners instead of allowing the Processors a share in those rents. (Dkt. No. 14 at ¶ 4.)  The allegation merely refers to Plaintiffs' cognizable injury and, therefore, supports standing.  Plaintiffs' allegations do not "purport[] to establish an equitable basis for terminating the Amendment 88 program . . . pending further agency proceedings," as Defendant argues. (Dkt. No. 36 at 2.)  Since the Catchers have no protectable interest in the Processors' legal status under the Act, the Court finds UCB and AWTA have no right to intervention at the merit stage.

      The Court, nevertheless, finds the UCB and AWTA's intervention at the remedy stage appropriate.  While the Processors must prevail on their legal arguments first, the Processors ultimately seek to reinstate the Pilot Program.  Reinstatement of the Pilot Program would eliminate the Catchers' quota shares under Amendment 88 and would require the Catchers to again contract with specific Processors in delivering rockfish on-shore. (Krueger Decl., Dkt. No. 30, ¶¶ 7-9.)  According to the Executive Director of UCB and the President of AWTA, the Catchers are concerned that setting aside Amendment 88 will render the rockfish fishery less cooperative and that the fishery would return to an open access system, which lends itself to short seasons, dangerous conditions, and long hours. (Id.; Paine Decl., Dkt. No. 24-2, ¶ 11.)  Therefore, if the Court were to determine Defendants should have considered the Processors' legal status in the fishery, the Catchers have a significantly protectable interest in the plan that would be in effect while Defendants develop a new management plan.  While Plaintiffs will argue for reinstatement of the Pilot Program, the Catchers seem to support maintenance of Amendment 88.  Since the Catchers have a significantly protectable interest in whether the Pilot Program is reinstated, the Court grants the Catchers' motion to intervene in the remedy stage.

b. <u>Impairment of Ability to Protect Interest</u>

Relief in favor of the Processors' would hamper the Catchers' ability to protect their interests. An intervention applicant must show that it is situated such that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest. <u>Wilderness Soc.</u>, 630 F.3d at 1177. Here, the Catchers would suffer financial harm if the Court grants relief to the Processors in the form of reinstating the Pilot Program. (Dkt. No. 23 at 3-4.) Therefore, the Court grants the UCB and AWTA motions to intervene at the remedy stage.

c. <u>Adequacy of Current Representation</u>

The Court grants the UCB and AWTA motions to intervene as a matter of right in the remedy stage because Defendants do not adequately represent their interests.

Applicants for intervention bear a minimal burden of showing inadequate representation. <u>Arakaki v. Cayetano</u>, 324 F.3d 1078, 1086 (9th Cir. 2003). Applicants satisfy this requirement if they demonstrate that representation of their interests "may be" inadequate. <u>Id.</u> In determining the adequacy of representation, a court considers three factors: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. <u>Id.</u> A presumption of adequacy arises when the government is acting on behalf of a constituency it represents. <u>City of Los Angeles</u>, 288 F.3d at 401. The presumption is not controlling, however, where the applicant's interests are narrower than the government's interests and therefore may not be adequately represented. <u>Sw. Ctr. for Biological Diversity v. Berg</u>, 268 F.3d 810, 823-24 (9th Cir. 2001); <u>Trbovich v. United Mine Workers of America</u>, 404 U.S. 528, 539 (1972) (intervention is appropriate where the government has the duty to serve two

ORDER ON UNITED CATCHER BOATS'
MOTION TO INTERVENE AND ALASKA
WHITEFISH TRAWLERS ASSOCIATION'S
MOTION TO INTERVENE- 8

1   distinct interests, which are related, but not identical because the government's pursuit of both
2   interests does not always dictate precisely the same approach to the conduct of the litigation).
3         Here, Defendants may not adequately represent the Catchers in the remedy stage of
4   litigation because the Catchers' interests are narrower than Defendants. The Catchers' interest is
5   to retain their allocation of quota shares. (Dkt. No. 23 at 5). Defendants' goal in this litigation is
6   broader—it is not to protect the quota percentages enjoyed by the Catchers; rather, they must
7   balance a number of competing economic, environmental, scientific, and conservation interests
8   in determining whether to reinstate the Pilot Program, or a similar program, including the
9   interests of the Catcher-Processors, the Processors, and the Catchers. (Dkt. No. 18 at 8); Georgia
10  v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1259 (11th Cir. 2002) (finding a federal
11  defendant's interest in the management of a resource is not an identical interest compared to
12  those of an entity with economic interests in the use of that resource).  Because the parties'
13  interests are different, it is unlikely the government will make all of the Catchers' arguments, or
14  be willing to do so.
15        As a final note, the Court observes UCB and AWTA filed their motions to intervene
16  within weeks of each other and present similar arguments--both intend to intervene on behalf of
17  Catchers.  Based on the motions, the Court finds UCB and AWTA will make similar arguments
18  upon intervention and neither would offer any necessary element that the other party would
19  neglect.  Since the Catchers' interests will be adequately represented if either UCB or AWTA is
20  allowed to intervene, the Court grants the Catchers' motion to intervene in the remedy stage but
21  orders UCB and AWTA to file briefing at the remedy stage jointly.
22  \\
23  \\
24

ORDER ON UNITED CATCHER BOATS'
MOTION TO INTERVENE AND ALASKA
WHITEFISH TRAWLERS ASSOCIATION'S
MOTION TO INTERVENE- 9

## Conclusion

The Court GRANTS in part and DENIES in part the UCB and AWTA motions to intervene. The Court permits UCB and AWTA the right to intervene, but limits their intervention to the remedy stage and ORDERS them to file jointly. While the Catchers have a protectable interest in maintaining their current harvest quota share, their interest in maintaining quota shares is not related to the merits—i.e., the Processors' legal status under the Magnuson-Stevens Act.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 22nd day of May, 2012.

Marsha J. Pechman
United States District Judge

ORDER ON UNITED CATCHER BOATS'
MOTION TO INTERVENE AND ALASKA
WHITEFISH TRAWLERS ASSOCIATION'S
MOTION TO INTERVENE- 10